**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALONZO VASQUEZ a/k/a ORRIN PLASS, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>ELTMAN LAW, P.C.<br><br>Defendants. | Civil Case Number:<br><br>**CIVIL  ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff ALONZO VASQUEZ a/k/a ORRIN PLASS (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through her attorneys, Sirotkin Varacalli & Hamra, LLP, against Defendants ELTMAN LAW, P.C. (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

4. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly

referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant is a collection agency with its principal place of business located in New Jersey.

8. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

10. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class (the "Class"):

- All New York consumers who received a collection letter from the Defendant attempting to collect an obligation owed to or allegedly owed to or allegedly owed to ELTMAN LAW, PC. that contain the alleged violation arising from Defendant's violation of 15 U.S.C.§1692e, *et seq*.

- The Class period begins one year to the filing of this Action.

11. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard

form letter and/or notice that is sent to hundreds of persons (*See Exhibit* **A, except** that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.  Whether Defendant violated various provisions of the FDCPA;

    b.  Whether Plaintiff and the Class have been injured by Defendant's conduct;

    c.  Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.  Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

### ALLEGATIONS PARTICULAR TO ALONZO VASQUEZ

12. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "11" herein with the same force and effect as if the same were set forth at length herein.

13. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

14. Upon information and belief, within the last year Defendant commenced efforts to collect an alleged consumer "debt" as defined by 15 U.S.C. 1692a(5), when it mailed a Collection Letter to Plaintiff seeking to collect an alleged unpaid Judgment/debt allegedly owing to Erin Capital Management, LLC.

15. On or around March 21, 2017 Defendant sent Plaintiff a collection letter. *See* **EXHIBIT A.**

16. The letter was sent or caused to be sent by persons employed by Defendant as a "debt

4

collector" as defined by 15 U.S.C. §1692a(6).

17. The letter is a "communication" as defined by 15 U.S.C. §1692a(2).

18. Said letter also stated in pertinent part:

    "Account Balance: $2,244.41"

19. The letter further stated:

    "The current balance due at this time is $2,244.41 and is due in full"

20. After Plaintiff requested verification of the debt, Defendant provided screen shots as a statement of written confirmation of the debt. *See* **EXHIBIT B.**

21. The charge on the confirmation of debt is shown as:

    "Judgment Amount Due $2005.06"

22. The March 21, 2017 letter does not reference the original debt amount.

23. The March 21, 2017 letter does not acknowledge or explain the $239.35 increase in the Amount Due.

24. The March 21, 2017 letter does not contain any reference to potential fees that may be accruing on Plaintiffs account.

25. The March 21, 2017 letter failed to adequately verify the alleged Judgment.

26. As set forth in the following Counts, Defendant's communication violated the FDCPA.


## **FIRST COUNT**
### **Violation of 15 U.S.C. §§ 1692g and e**
### **Failure to State the Amount of Debt**

27. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "25" herein with the same force and effect as if the same were set forth at length herein. ⌷SEP⌷

28. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the

5

information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

29. One such requirement is that the debt collector provide "the amount of debt." 15 U.S.C. 1692(a)(1).

30. A debt collector has the obligation not just to convey the amount of debt, but to convey such clearly.

31. The letter states that the Account Balance is $2,244.41. EXHIBIT A.

32. The screenshot provided as verification of the debt states the Amount of the Judgment is $2,005.06.  EXHIBIT B.

33. The letter fails to include any "safe harbor" language concerning the accrual of interest and/or fees. *Avila v. Riexinger & Associates, LLC,* 817 F.3d 72. 76 (2d Cir. 2016).

34. The letters fail to include the "safe harbor" language concerning the accrual of interest and/or fees as set forth in *Jones v. Midland Funding, LLC,* 755 F. Supp. 2d 393, 398 (D. Conn. 2010), *adhered to on reconsideration,* No. 3:08-CV-802 RNC, 2012 WL 1204716 (D. Conn. Apr.11, 2012).

35. The letter states, "The current balance due at this time is $2,244.41 and is due in full" *See* EXHIBIT A.

36. The letter fails to advise Plaintiff of the reason for the increase from the original amount due and the amount due according to the letter.

37. The letter fails to advise Plaintiffs that if Plaintiffs pays the balance as of the date of the letters an adjustment may be necessary after Defendant receives payment.

38. The letter fails to advise Plaintiffs that Defendant will inform Plaintiffs of the balance difference before depositing payment.

39. The letter fails to advise Plaintiffs what portion of the balance as of the date of this letter is

principal.

40. The letter fails to advise Plaintiffs what portion of the balance as of the date of this letter is interest.

41. The letter fails to advise Plaintiffs what portion of the balance as of the date of this letter is late fees.

42. The letter fails to advise Plaintiffs of the interest rate.

43. The letter fails to advise Plaintiffs of the amount of potential late fees.

44. The letter fails to advise Plaintiffs the amount of money the balance as of the date of this letter will increase per day.

45. The letter fails to advise Plaintiffs the amount of money the balance as of the date of this letter will increase per week.

46. The letter fails to advise Plaintiffs the amount of money the balance as of the date of this letter will increase per month.

47. The letter fails to advise Plaintiffs the amount of money the balance as of the date of this letter will increase in any measurable period.

48. The letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

49. Because Defendant fails to explain the reason for the increase in the amount due and if there is the potential for further increase, the least sophisticated consumer could reasonably believe that the debt could be satisfied by remitting the balance at any time after the receipt of the letter.

50. Because Defendant fails to explain the reason for the increase in the amount due and if there is the potential for further increase, the least sophisticated consumer could also reasonably believe that the balance was accurate only on the date of the letter because of the continued

accumulation of interest and/or late fees.

51. Because Defendant fails to explain the reason for the increase in the amount due and if there is the potential for further increase, the least sophisticated consumer could also reasonably believe that the balance is inaccurate and only the original amount due $2,005.06 is needed to satisfy the debt.

52. If the interest is continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the letter fails to indicate the applicable interest rate, or date of accrual.

53. If late fees are continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the letter fail to indicate the amount of applicable and/or possible late fees.

54. For these reasons, Defendant failed to clearly state the amount of the debts.

55. For these reasons, Defendant failed to unambiguously state the amount of the debts.

56. For these reasons, the letters would likely make the least sophisticated consumer uncertain as to the amount of the debt.

57. For these reasons, the letters would likely make the least sophisticated consumer confused as to the amount of the debt.

58. Defendant violated 15 U.S.C. § 1692g as it failed to clearly, explicitly and unambiguously convey the amount of debt.

**SECOND COUNT**
**Violation of 15 U.S.C. §§ 1692e *et seq.*__
**False or Misleading Representations as to Status of Debt**

59. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "57" herein with the same force and effect as if the same were set forth at length herein.

60. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

61. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on non-enumerated practice.

62. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

63. As previously alleged, the least sophisticated consumer could reasonably read the letter to mean that the balance as of the date of the letter was static.

64. As previously alleged, the least sophisticated consumer could also reasonably read the letter to mean that the balance as of the date of the letter was dynamic due to the continued accumulation of interest.

65. As previously alleged, the least sophisticated consumer could reasonable read the letter to mean that the balance was stated in error and the balance stated in the confirmation is the accurate amount due.

66. Because the letter is susceptible to an inaccurate reading by the least sophisticated consumer, they are deceptive under 15 U.S.C. § 1692e.

67. Because the letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, they are deceptive under 15 U.S.C. § 1692e.

68. Defendant violated 15 U.S.C. § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

**THIRD COUNT**
**Violation of 15 U.S.C. §§ 1692e, 1692f**
**The Charging of Unlawful Fees**

69. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "67" herein with the same force and effect as if the same were set forth at length herein.

9

70. 15 U.S.C. § 1692e(2)(A) prohibits debt collectors from making a false representation regarding the character, amount, or legal status of any debt.

71. Defendant violated 15 U.S.C. § 1692e(2)(A) by charging Plaintiff an amount in excess of what was actually owed.

72. 15 U.S.C. § 1692f prohibits the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

73. Defendant attempted to collect an amount in excess of which it was authorized to collect by adding an unexplained increase in violation of the FDCPA.

74. Specifically, at the time Defendant sent the March 21, 2016 letter, Plaintiff did not owe Eltman Law, P.C. the $239.35 increase from the original amount of the alleged judgment due.

75. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692(e) and (f) et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## FOURTH COUNT
### Violation of 15 U.S.C. §§ 1692g
### Failure to provide Validation of the debt

76. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "67" herein with the same force and effect as if the same were set forth at length herein

77. 15 U.S.C §1692g(b) states "If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

1

78. Plaintiff sent a letter disputing the debt and requesting verification sometime prior to March 20, 2017.

79. On March 20, 2017 Defendant sent a letter acknowledging their receipt of Plaintiff's request for verification and agreeing to stop collecting on the account until they were in receipt of the alleged Judgment. **EXHIBIT C.**

80. On March 21, 2017 Defendant sent a follow up letter, attaching Screen shots of the NJ State Website. **EXHIBIT B AND C.**

81. Defendant did not send a copy of the judgment to verify the debt, as requested by the Plaintiff.

82. In the March 21, 2017 letter, defendant states the "The investigation is now closed and collection efforts will resume."

83. However, Defendant never provided a copy of the Judgment as required by the FDCPA, and therefore was barred from continuing its collection activities until it presented Plaintiff with a Copy of the Judgment.

84. The screenshots provided by the Defendant of the alleged Judgment, from what is purported to be the NJ State website, does not satisfy the requirements of providing a Copy of the Judgment as required by the FDCPA.

85. Hence, the Defendant did not comply with section 15 U.S.C § 1692(g) and 15 U.S.C §1692(g)(b), thereby violating the FDCPA.


## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the Sirotkin Varacalli & Hamra, LLP, as Class Counsel;

(b)    Awarding Plaintiff and the Class statutory damages;

(c)    Awarding Plaintiff and the Class actual damages;

(d)    Awarding Plaintiff costs of this Action, including reasonable attorneys'

1

fees and expenses;

(e)      Awarding pre-judgment interest and post-judgment interest; and

(f)      Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: May 16, 2017

Respectfully submitted,

By: /s/ Ibrahim Abohamra
Ibrahim Abohamra, Esq. (IA1988)
Sirotkin Varacalli & Hamra, LLP
110 East 59th Street, Suite 3200 New
York, New York 10022 Phone:
(646) 590-0571
*Attorneys for Plaintiff*

## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a

trial by jury on all issues so triable.

<u>*/s/ Ibrahim Abohamra*                    </u>
Ibrahim Abohamra, Esq.

Dated: May 16, 2017